UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:23-cv-17

|  |  |  |
|---|---|---|
| UNITED SOCCER LEAGUE PLAYERS ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| QUEEN CITY SOCCER CLUB, LLC, | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, United Soccer League Players Association ("USLPA" or "the Union"), brings this action against Defendant Queen City Soccer Club, LLC ("Queen City") for its failure to comply with a final and binding award issued pursuant to the parties' collective bargaining agreement in violation of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

### JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by Section 301 of the LMRA, 29 U.S.C. § 185, and Section 9 of the FAA, 9 U.S.C. § 9, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this Court because the events giving rise to the claim occurred in Mecklenburg County, North Carolina.

### PARTIES

3. Plaintiff USLPA is a labor organization within the meaning of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Plaintiff represents professional soccer players who are employed by soccer clubs in the

1

United Soccer League ("USL"), including players who are employed by Defendant Queen City in Charlotte, North Carolina, and within the territorial jurisdiction of this Court.

4. Defendant Queen City is a limited liability corporation organized in North Carolina with its registered agent located in Charlotte, North Carolina. Defendant Queen City operates the Charlotte Independence, a professional soccer club and member of the USL. Defendant Queen City is an employer within the meaning of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**FACTS**

5. The foregoing allegations are incorporated by reference.

6. The USL is a soccer organization composed of professional soccer clubs in North America, including the Charlotte Independence, which is operated by Defendant.

7. The Union and USL have a collective bargaining relationship. The Union and USL's current collective bargaining agreement ("CBA") went into effect on October 25, 2021, and expires on December 31, 2025. The CBA is attached as Exhibit A.

8. Article 3 of the CBA recognizes the USL as the exclusive bargaining representative of employer soccer clubs and provides that the USL is "duly empowered to enter into [the CBA] for and on behalf of such Clubs." (Ex. A, p. 9.) Because the Charlotte Independence is a member club of the USL, Defendant is bound by the terms of the CBA.

9. Article 24 of the CBA sets forth a grievance procedure for resolving "any dispute arising after the Effective Date between the USL or a Club, on one hand, and a Player or the USLPA, on the other hand, and involving . . . the interpretation of, application of, or compliance with the CBA, the Standard Player Agreement . . . or any other agreement between a Club and a Player[.]" (Ex. A, p. 68.)

10. Article 24, Section D provides for the resolution of disputes by a Grievance Committee. (Ex. A, pp. 69-71). The Grievance Committee consists of a representative appointed by the USL and a representative appointed by the USLPA. (Ex. A, p. 69.) "If the Grievance Committee issues a joint decision it shall constitute a disposition of the Grievance that will be *final and binding* on the parties." (Ex. A, p. 71) (emphasis added).

11. Enzo Martinez is a professional soccer player who was employed by Defendant to play for the Charlotte Independence soccer club. Martinez was employed pursuant to a 2019 Standard Player Contract with Defendant. The Standard Player Contract set forth the terms of Martinez's employment through December 31, 2022. Martinez was a member of the Union during his employment with Defendant.

12. In or around December 2021, a conflict arose between Martinez and Defendant regarding the pay Martinez was entitled to under the 2019 Standard Player Contract and the CBA. The Union timely filed a grievance regarding this pay dispute.

13. The Union pursued the grievance in accordance with Article 24 of the CBA and submitted the grievance to the Grievance Committee. Both the Union and Defendant submitted statements to the Grievance Committee concerning the pay dispute.

14. After reviewing the positions of the parties, the Grievance Committee issued a Joint Decision on June 13, 2022 ("the Award"). Because it was the result of a joint decision by the Grievance Committee, the Award is final and binding on the parties under Article 24 of the CBA. (Ex. A, p. 71.) The Award is attached as Exhibit B.

15. The Award ordered Defendant to pay "the sum **of twenty-eight thousand four hundred and one dollars and eighty-five cents ($28,401.85)**" to Martinez "by **Monday, June 20, 2022**[.]" (Ex. B, p. 3) (emphasis in original). It further provided that the amount owed by

Defendant "shall accrue simple (non-compounding) interest at the annual rate of 9% for each day thereafter that such amount remains unpaid." (Id.)

16. To date, Defendant has failed to comply with the Award and refused to pay Martinez the amount ordered. Defendant has no legal justification for failing to comply with the Award. Defendant has not moved to vacate the Award.

17. The Union and the employees that it represents are without any adequate remedy at law and are suffering immediate damage and irreparable injury because Defendant has refused and is refusing to comply with its obligations under the CBA and the Award issued by the Grievance Committee.

## CLAIM FOR RELIEF

### Action to Enforce Arbitration Award Under LMRA, 29 U.S.C. § 185, and the FAA, 9 U.S.C. § 9.

18. The foregoing allegations are incorporated by reference herein.

19. The Award issued on June 13, 2022 is final and binding on the parties, and mandates that Defendant pay Martinez $28,401.85 with non-compounding interest at the annual rate of 9% for each day after June 20, 2022 that the Award remains unpaid.

20. Defendant has failed and refused to abide by the Grievance Committee's Award, and continues to fail and refuse to abide by the Award.

21. Defendant's failure and refusal to abide by the Award violates its obligations under the CBA, the LMRA, and the FAA.

22. The Union and the employees that it represents do not have an adequate remedy at law, and are suffering immediate damage and irreparable injury unless Defendant is ordered to comply with its obligations under the CBA and the Award issued by the Grievance Committee.

4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) That the Court confirm and enforce the Award issued by the Grievance Committee on June 13, 2022;

(2) That the Court enter judgement in favor of the Plaintiff and order Defendant to comply with the Award issued by the Grievance Committee by paying Martinez $28,401.85 plus non-compounding interest at the annual rate of 9% for each day after June 20, 2022 that the Award remains unpaid;

(3) That the Court award the Plaintiff its attorneys' fees and costs associated with having to bring this action; and

(4) Such other and further equitable legal relief as this Court deems necessary, just, and proper.

This the 11th day of January, 2023.

/s/ Trisha S. Pande
Trisha S. Pande, NC State Bar No. 53573
Patterson Harkavy LLP
100 Europa Dr., Ste. 420
Chapel Hill, NC 27517
(919) 942-5200
tpande@pathlaw.com

William R. Reinken, CO State Bar No. 53190*
Rosenblatt & Gosch, PLLC
8085 East Prentice Ave.
Greenwood Village, CO 80111
(303) 721-7399
wreinken@cwa-union.org
*Pro Hac vice Motion forthcoming

Attorneys for United Soccer League Players Association